UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Maurice A. Belmore, Jr.</u>

   v.                                                       Civil No. 17-cv-307-JD

<u>Nashua Police Department, et al.</u>

<u>O R D E R</u>

    Maurice A. Belmore, Jr., who is proceeding pro se, filed a complaint in which he alleges claims against the Nashua Police Department, arising from Belmore's encounter with police and subsequent arrest in July of 2014. On preliminary review pursuant to 28 U.S.C. § 1915A(a) and Local Rule 4.3(d)(1), the magistrate judge recommends that some of Belmore's claims be dismissed. In the order directing service of the claims allowed on preliminary review, the magistrate granted Belmore leave to amend the complaint to identify the officers who allegedly assaulted him and to describe their actions.

    In response, Belmore filed an addendum to the complaint. The magistrate judge reviewed the addendum and found that Belmore named Ryan McDermott as one of the unnamed Nashua Police Department officers referred to in some of his claims. The magistrate judge held that the original complaint (document no. 1) and the addendum (document no. 15), taken together, would constitute the complaint in the case.

The magistrate judge recommends dismissal of the federal constitutional claims against the Nashua Police Department, the false arrest and imprisonment claims, the malicious prosecution claim related to the criminal trespass charge, and the First Amendment retaliatory arrest claim. Belmore did not file an objection to the report and recommendation. Therefore, I approve the report and recommendation (document no. 10). See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Claims 2, 7, and 9 are dismissed. All federal constitutional claims against the Nashua Police Department ("NPD") are dismissed. The following claims remain in this case:

    1. NPD Officers Ryan McDermott, Steven Berry, Dennis Pereira, and/or Jason Reinold violated Belmore's Fourth Amendment rights by using unreasonable and excessive force July 12, 2014, in that:
        a. McDermott pinned Belmore to the ground with his knee against Belmore's throat;
        b. McDermott bent back Belmore's thumb and twisted his arm while handcuffing him;
        c. McDermott, Berry, Pereira, and/or Reinold punched Belmore and delivered knee strikes to his torso; and
        d. McDermott, Berry, Pereira, and/or Reinold carried Belmore facedown by his wrists and ankles to an NPD cruiser.

    3. NPD Sgt. Daniel Mederos, a supervisory officer, and NPD Officers Berry, Pereira, and/or Reinold violated Belmore's Fourth Amendment rights, in that those officers witnessed but failed to intervene to stop the other NPD officers from using unreasonable and excessive force in arresting, handcuffing, and assaulting Belmore on July 12, 2014.

    4. NPD Officer Ryan McDermott and other unnamed NPD officers used unreasonable and excessive force in an

2

assault occurring at the NPD station on July 2, 2014, in violation of:
    a. Belmore's Fourth Amendment rights; and
    b. The state common law tort of battery.

5. NPD Officer McDermott threatened Belmore with mace, and McDermott, Berry, Pereira, and/or Reinold punched and delivered knee strikes to Belmore's torso, in the manner summarized in Claim 1, giving rise to the officers' liability for the intentional torts of assault and battery under New Hampshire law.

6. The NPD, an agency of the City of Nashua, is vicariously liable, under state common law, for:
    a. NPD Officers Berry's, Pereira's, Reinold's, and McDermott's intentional assault and battery of Belmore, summarized in Claim 5, and
    b. NPD Officer McDemott's and other NPD Officers' battery of Belmore at the NPD station on July 12, 2014, summarized in Claim 4(b).

8. Belmore was subjected to a malicious prosecution of charges including disorderly conduct, resisting arrest, and simple assault, unsupported by probable cause:
    a. In violation of Belmore's Fourth Amendment rights, rendering McDermott liable under 42 U.S.C. § 1983; and
    b. In a manner constituting an intentional tort:
        (i) Rendering McDermott liable under state common law, and
        (ii) Rendering the NPD vicariously liable for McDermott's conduct under state tort law.

## Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (document no. 10) is approved.

SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph DiClerico, Jr.
United States District Judge

November 20, 2017
cc: Maurice A. Belmore, Jr., pro se
    Brian J.S. Cullen, Esq.